**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SLIM RX, LLC,<br><br>Defendant. | Case No. 2:25-cv-00458-BHH |

**FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT**

This matter having come before the Court on the joint request of the parties for entry of this Final Judgment and Permanent Injunction on Consent (this "Final Judgment"); and

It appearing that Plaintiffs Novo Nordisk A/S and Novo Nordisk Inc. (collectively, "Novo Nordisk") filed their Complaint in this action on January 23, 2025, and that Defendant Slim Rx, LLC ("Slim Rx") was served with the Complaint and, through counsel, filed its Answer herein on March 12, 2025; and

It further appearing that Slim Rx moved to amend its Answer on February 6, 2026, including to add a counterclaim, and that the Court granted Slim Rx's motion on March 30, 2026; and

It further appearing that the parties now agree that further formal proceedings are unnecessary, and, as indicated by the signatures below, consent to entry of this Final Judgment in connection with such resolution of this action; and

The Court finding good cause therefor;

NOW, THEREFORE, by stipulation and agreement of the parties, and with the consent of counsel for plaintiffs and counsel for defendant, as indicated below, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has jurisdiction over Slim Rx. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

2. Novo Nordisk's Complaint states causes of action against Slim Rx for false advertising, unfair competition, and deceptive and unfair trade practices in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-20 et seq.

3. Novo Nordisk alleges that, without the consent of Novo Nordisk, Slim Rx has engaged in advertising, marketing, and/or promotion of compounded drug products purporting to contain semaglutide that have not been approved by the U.S. Food & Drug Administration ("FDA") and are not genuine Novo Nordisk FDA-approved, semaglutide-based medicines ("Unapproved Compounded Drugs") that falsely suggests that: (i) the Unapproved Compounded Drugs offered and sold by Slim Rx are genuine Novo Nordisk, semaglutide-based medicines and/or are approved by the FDA; (ii) the Unapproved Compounded Drugs have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use; (iii) the Unapproved Compounded Drugs offered by Slim Rx achieve or have been shown or proven to achieve certain therapeutic results, effects, or outcomes; and/or (iv) the Unapproved Compounded Drugs achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's FDA-approved, semaglutide-based medicines, and/or that the Unapproved Compounded Drugs are interchangeable with or equivalent to genuine Novo Nordisk FDA-approved, semaglutide-based medicines.

4. Novo Nordisk alleges that Slim Rx's actions as described above, if true, would be likely to cause deception and violate Novo Nordisk's rights under the Lanham Act and state law.

5. Slim Rx, its officers, directors, shareholders, owners, agents, servants, and employees, and all those in active concert or participation with them, are hereby PERMANENTLY ENJOINED from:

(a) falsely advertising, stating, or suggesting that any Unapproved Compounded Drugs, including any Unapproved Compounded Drugs that either are available, directly or indirectly, from or through Slim Rx or the use of which or access to which is facilitated by, or with the involvement of, Slim Rx:

(1) are, or contain, genuine or authentic Novo Nordisk OZEMPIC, WEGOVY, or RYBELSUS medicines;

(2) are sponsored by or associated with Novo Nordisk;

(3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

(4) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes, including by relying on or making reference to clinical trial results for Novo Nordisk's medicines;

(5) achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

(6) are associated or connected with Novo Nordisk or Novo Nordisk's medicines; or

(7) contain any ingredient (including semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

6. IT IS FURTHER ORDERED that, for twelve months from the date of entry of this Final Judgment, Slim Rx shall conspicuously and prominently disclose in any materials for any Unapproved Compounded Drugs, including all advertising, marketing, and promotional materials, that: Unapproved Compounded Drugs and their manufacturing processes are not approved or reviewed by the FDA for safety, effectiveness, or quality. FDA-approved semaglutide medicines are available.

7. Nothing in this Order shall prohibit or prevent Slim Rx from writing prescriptions for Novo Nordisk's medicines when medically appropriate or sending prescriptions for Novo Nordisk's medicines to commercial pharmacies, based on the judgment of a licensed medical provider.

8. The parties agree that no award for either Novo Nordisk's claims or Slim Rx's counterclaim should be included in this Final Judgment.

9. Judgment is hereby entered in favor of Novo Nordisk as set forth above. All claims and counterclaims asserted in this action are hereby dismissed with prejudice, except that this Court shall retain jurisdiction for the purpose of enforcing this Final Judgment and as otherwise provided herein.

10. In accordance with the Lanham Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Director of the Patent and Trademark Office of the entry of this Final Judgment, who shall enter it on the records of the Patent and Trademark Office.

11. This Final Judgment shall be deemed to have been served on Slim Rx, its officers, directors, shareholders, owners, agents, servants, and employees, and all those in active concert or participation with them as of the date of entry hereof by the Court.

**SO ORDERED,** this 19th day of October, 2026.

s/Bruce H. Hendricks
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

*T. Richmond McPherson, III*
T. Richmond McPherson, III
BOWMAN AND BROOKE LLP
1924 E. 7th St, Ste. 300
Charlotte, NC 28204
rich.mcpherson@bowmanandbrooke.com

***Attorneys for Novo Nordisk A/S and Novo Nordisk Inc.***

*Wilson Daniel*
Wilson Daniel
DUFFY & YOUNG, LLC
96 Broad Street
Charleston, SC 29401
wdaniel@duffyandyoung.com

***Attorneys for Slim Rx, LLC***